UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULY JUSTINE SHELBY,<br><br>                Plaintiff,<br><br>    -against-<br><br>WARDEN J. PETREUCCI,<br><br>               Defendants. | 23-CV-2851 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. On April 6, 2023, the Court transferred Plaintiff's action to the United States District Court for the Northern District of Texas. (ECF No. 2.) On April 25, 2023, Plaintiff filed a motion challenging the April 6, 2023, transfer order. Because this Court no longer has jurisdiction of the action, Plaintiff must make any motion challenging the transfer order in the Northern District of Texas. All other requests must also be made in the Northern District of Texas.

## DISCUSSION

The transfer of a case divests the transferor court of jurisdiction of the action. *Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on motion following physical transfer of case). The transferor court retains jurisdiction of the action only if the party seeking review acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court." *Warrick v. Gen. Electric Co.*, 40 F.3d 736, 739 (2d Cir. 1995).

The Court directed that this matter be transferred to the Northern District of Texas on April 6, 2023, and the Clerk of Court electronically transferred the case to that court on the same date. On April 14, 2023, the Court received an email notification from the Northern District of

Texas acknowledging receipt of the case and their assignment of docket number 4:23-CV-0358. On April 25, 2023, approximately two weeks later, Plaintiff filed her motion seeking reconsideration. Because this Court no longer has jurisdiction of the action, if Plaintiff wishes to challenge the transfer, she must do so in the Northern District of Texas. Any other relief that Plaintiff seeks must also be requested in the Northern District of Texas. The Court denies Plaintiff's request for reconsideration of the order transferring this action.

## CONCLUSION

Plaintiff's request for reconsideration (ECF No. 3) is denied. The Clerk of Court is directed not to accept any further submissions under this docket number except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 26, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge